

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 12, 1947

Hon. Looney E. Lindsey
County Attorney
Upshur County
Gilmer, Texas

Opinion No. V-247

Re: Authority of County
Attorney to represent
a person seeking to
have his sanity re-
stored.

Dear Sir:

Your request for an opinion from this office
is, in part, as follows:

"1. By virtue of Article 32 of the
Code of Criminal Procedure is a County
Attorney acting in his civil capacity pro-
hibited from representing a person seeking
to have his sanity restored.

"The particular case is one in which
a man was adjudged insane about three (3)
years ago during the administration of a
previous County Attorney.

"2. By virtue of Article 32 of the
Code of Criminal Procedure is a County
Attorney acting in his official capacity
prohibited from representing a person seek-
ing to have his sanity restored?"

Article 32, V.C.C.P., provides, in part:

"District and county attorneys shall
not be of counsel adversely to the State in
any case, in any court." (Emphasis ours)

Article 5550, V.C.S., provides, in part, as
follows:

"The cause shall be docketed on the
probate docket of the Court in the name of
the State of Texas as plaintiff, and the

person charged to be insane as defendant. The County Attorney or the District Attorney in counties having no County Attorney, shall appear and represent the State on the hearing, and the defendant shall also be entitled to counsel; and in proper cases the County Judge may appoint counsel for that purpose. . ."

Section 4 of Article 5561a, V.C.S., is as follows:

"Sec. 4.  Whenever one or more adult citizens of this State shall file an affidavit with the County Judge of the county where any one of the affiants resides, alleging under oath that there is located within said county, or confined within said county, a person who has theretofore been declared to be of unsound mind, or an habitual drunkard, and that in the opinion of affiants such person has been restored to his right mind, or to sober habits, and that there is no criminal charge pending against such person, the County Judge shall forthwith, either in termtime or in vacation, set a day for a hearing to determine the sanity, or sobriety, of such person. The County Judge shall cause notice of the date set for the hearing to be issued by the County Clerk, to the guardian of such person, if any, and to those having custody of such person, if any there be, and in the event such person be a beneficiary of the Veterans Administration, or his estate consists in whole or in part of money or other assets derived from compensation, pension or insurance paid by the United States, like notice shall be served on the chief attorney of the Veterans Administration in this State by delivering a copy of said notice to his office, of the filing of such affidavit, and that a hearing is to be had thereon, giving the time and place thereof. The County Judge shall direct the Sheriff of the county where such person is located or confined to bring such person into open court for said hearing, if such action be necessary to procure his presence at the trial.

"(a)  A jury may be demanded by any person interested in the ward or his estate to pass on the question of whether or not such person has been restored to his right mind, or to sober habits, but if a jury is not demanded, the County Judge may pass upon such question, or he may cause a jury to be empanelled to hear such cause.

"(b)  If the trial of the cause, either before a jury or the County Judge, results in a finding that such person has been restored to his right mind, or to sober habits a judgment shall be entered upon the minutes of the court reciting such facts, and adjudging such person to be of sound mind, or sober habits, and said person, if then under restraint, shall be discharged immediately.

"(c)  If such person be under guardianship at the institution of such proceedings and shall be adjudged to have been restored to his right mind, or to sober habits, under the provisions of this Act, and if such restoration takes place in a court other than that in which the guardianship is pending, then said former ward shall file a certified copy of the judgment of restoration to sanity, or sobriety, in the court where the guardianship is pending; and, immediately after the filing of such certified copy of such judgment in the court where the guardianship is pending, the former guardian shall file his final account, and deliver to his former ward the estate remaining in his hands.  If the restoration be had in the court where the guardianship is pending, then immediately after such judgment of restoration is entered, the former guardian shall file his final account and deliver over to his former ward the estate remaining in his hands, in the time and manner provided for in probate proceedings.

"(d)  From a judgment rendered by the County Court upon any restoration hearing as provided an appeal may be taken to the District

Court of the county wherein said cause originally was tried. The appeal from the judgment of the County Court to the District Court to be perfected in the manner and in the time provided by law for the appeal of probate proceedings from the County Court to the District Court; and provided further, that the trial in the District Court shall be de novo as in other probate proceedings and that the judgment of the District Court shall be final.

"(e) Any person who has heretofore been declared to be of unsound mind, or an habitual drunkard, and has been tried under the provisions of this Act and found to be of unsound mind, or an habitual drunkard, shall not again be tried for a period of six (6) months."

Under the plain provisions of Article 5550, V.C.S., it is the duty of a County Attorney to represent the State in the original lunacy hearing. Although there is no duty imposed upon a County Attorney to represent the State in the hearing on restoration of sanity, it is our opinion that construing the above quoted provisions together, the State does have an interest in the case. This being true, it necessarily follows that a County Attorney is prohibited from being "of counsel adversely to the State in any case, in any court."

## SUMMARY

A County Attorney is prohibited by Article 32, V.C.C.P., from representing a person seeking to have his sanity restored.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED:

By

ATTORNEY GENERAL

John Reeves
Assistant

JR:djm